## SEAWAY TAVERNS, INC., d. b. a. BEN'S CAFE, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 6207.   Decided August 4, 1959.

Louis E. Freedman, Cleveland, for appellant.

Mark McElroy, Atty. Genl., John A. Hoskins, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By BRYANT, PJ.

Seaway Taverns, Inc., d. b. a. Ben's Cafe, holder of liquor permits issued by the Ohio Department of Liquor Control, was found guilty of a violation of the liquor laws and regulations after a hearing before the Board of Liquor Control. appellee herein, and a twenty-one day suspension was imposed by the Board.  The permit holder appealed to the Common Pleas Court of Franklin County, which court affirmed the Board's order of suspension and dismissed the appeal.

The journal entry of the court below, signed by counsel for both parties was filed April 20, 1959 at 11:48 A. M. according to the time stamp of the clerk of the court below.  The permit holder filed his notice of appeal to this court Tuesday, May 12, 1959, or twenty-two days after the filing of the journal entry from which the appeal was taken.  Said notice of appeal is as follows:

"Now comes Seaway Taverns, Inc., d. b. a. Ben's Cafe, and herewith gives notice of appeal from the finding of the Court of Common Pleas as rendered by Judge Robert E. Leach in the above entitled matter."

The sole question for decision at this time arises upon a motion filed on behalf of the Board to dismiss the appeal "for the reason that this court lacks jurisdiction to hear said appeal." In support of the motion to dismiss, the brief of the appellee says that the judgment entry of the Court of Common Pleas of Franklin County was filed April 20, 1959, and the notice of appeal was filed May 12, 1959. **Sec. 2505.04 R. C.,** provides in part as follows:

"An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission."

**Sec. 2505.05 R. C.,** requires the notice of appeal to state "whether the appeal is on questions of law or questions of law and fact." The notice of appeal in this case does not designate the date of the order appealed from nor whether the appeal is on questions of law or questions of law and fact. In as much as only appeals on questions of law are permitted in this type of case, we will assume that that is the type of appeal which was intended and treat it accordingly.

As to the omission of the date of the order in the notice of appeal, the inclusion of other descriptive language naming the judge, whose order is appealed from, apparently will suffice to identify the order sufficiently.

That leaves the question raised by the motion to dismiss namely, whether a notice of appeal filed on May 12, 1959, from a judgment and final order journalized on April 20, 1959, is within time. The rule for computing time in such a case is set forth in **§1.14 R. C.,** which reads as follows:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that the last day shall be excluded if it falls on Sunday."

The time within which the notice of appeal must be filed in case of an appeal to the court of appeals is twenty days computed according to the rule above set forth in **§1.14 supra, R. C.** This is provided in **§2505.07 R. C.,** reading in part as follows:

"After the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"(A) Appeals * * * to courts of appeals, * * * shall be perfected within twenty days. * * *"

It is the contention of counsel for the Board that twenty-two days elapsed between the time of filing the journal entry and the notice of appeal. However, we judicially notice that the twentieth day, May 10, 1959, fell upon a Sunday so that in this case a notice of appeal filed on the twenty-first day would have been timely. On behalf of the appellant, a motion to dismiss the motion to dismiss has been filed and it is contended that the notice of appeal was filed May 11, 1959 "in plenty of time." Unfortunately, the record indicates otherwise and the time stamp clearly shows that the notice of appeal was filed May 12, 1959, which was one day beyond the twenty-day period allowed.

It has been held that filing of the notice of appeal within the time

prescribed by the statute is jurisdictional. In the case of the **State, ex rel. Curran v. Brookes, Jr.,** et al., **142 Oh St 167,** the seventh branch of the syllabus is as follows:

"The filing of notice of appeal, in the court from which the appeal is taken, within the time prescribed by law, is the only jurisdictional step necessary to perfect an appeal and where such notice is not filed within such time the reviewing court is without jurisdiction to consider the appeal." (Emphasis added.)

In **Schwenkel v. Schwenkel, 23 Abs 321,** the first and second branches of the syllabus read as follows:

"1. A notice of appeal from a final order and judgment dated and journalized May 21, 1936, filed on Thursday, June 11, 1936, is too late to effect the appeal.

"2. The time within which appeals must be filed is jurisdictional."

To the same effect, see **Searl v. Lyons, 43 Abs 112,** and **King v. Paylor, 69 Oh Ap 193.** See also 3 O. Jur. (2d), 196, Appellate Review, §308, p. 196, et seq.

For the reasons above set forth, the motion to dismiss is well taken and will be sustained, the appeal will be dismissed and the judgment of the court below affirmed.

DUFFY, J, concurs.
MILLER, J, not participating.