[Cite as *In re T.J.B.*, 2014-Ohio-2028.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: T.J.B.                              :          APPEAL NO. C-130725
                                                      TRIAL NO. F13-444

                                           :

                                           :          *O P I N I O N.*


Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 14, 2014


*Katz, Greenberger, & Norton, Scott Kravetz* and *Christina Yager* for Appellant birth mother,

*Voorhees & Levy LLC* and *Michael R. Voorhees* for Appellee Private Adoption Services, Inc.


Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Appellant birth mother appeals the judgment of the Hamilton County Juvenile Court dismissing her petition to revoke her permanent surrender of her minor son T.J.B. to appellee Private Adoption Services ("PAS"), a private child-placing agency. Because we conclude that the juvenile court lacked subject-matter jurisdiction to entertain mother's petition, we affirm its judgment.

### *Mother's Permanent Surrender*

{¶2} Mother gave birth to T.J.B., also known as T.J.R., on June 8, 2012. On June 11, 2012, she executed a permanent surrender of the child for the sole purpose of obtaining the adoption of the child. Mother's execution of the permanent surrender terminated her parental rights and resulted in PAS receiving permanent custody of T.J.B. On June 12, 2012, PAS sent notice and copies of mother's permanent surrender to the Hamilton County Juvenile Court, which were journalized on June 18, 2012.

{¶3} On June 14, 2012, PAS placed T.J.B. with prospective adoptive parents in California, following approval through the Interstate Compact for the Placement of Children. In September 2012, the prospective adoptive parents filed a petition to adopt T.J.B. in a California court. In February 2013, mother filed the current petition seeking to have the Hamilton County Juvenile Court revoke her consent to the adoption and void her permanent surrender of T.J.B. to PAS.

{¶4} PAS opposed the petition, arguing the juvenile court lacked subject-matter jurisdiction over mother's petition. A magistrate determined that because mother had signed the permanent surrender in Ohio and it had been processed through the Ohio judicial system to terminate her parental rights, the juvenile court had jurisdiction over mother's petition challenging her surrender. PAS filed a timely objection, which the juvenile court sustained. It rejected the

magistrate's decision and dismissed mother's petition for lack of subject-matter jurisdiction.

## Standard of Review

{¶5}   In a single assignment of error, mother argues the juvenile court erred in dismissing her petition for lack of subject-matter jurisdiction.

{¶6}   Subject-matter jurisdiction denotes the power of a court to hear and decide a case upon its merits and to render an enforceable judgment in the action. *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. The lack of subject-matter jurisdiction is not waivable, and therefore, may be raised at any time. *See Rosen v. Celebrezee*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 45, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11.

{¶7}   When ruling on a motion to dismiss for lack of subject-matter jurisdiction, the trial court is not confined to the allegations in the complaint, but may consider material pertinent to such inquiry without converting the motion into one for summary judgment. *See Wilkerson v. Howell Contrs., Inc.*, 163 Ohio App.3d 38, 2005-Ohio-4418, 836 N.E.2d 29, ¶ 9 (1st Dist.), citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989). A trial court's dismissal for lack of subject-matter jurisdiction is a question of law that appellate courts review de novo. *See Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33, 985 N.E.2d 949, ¶ 9 (1st Dist.).

## Juvenile Court Lacked Subject-Matter Jurisdiction

{¶8}   "The juvenile court possesses only the jurisdiction that the General Assembly has expressly conferred upon it." *See In re Gibson*, 61 Ohio St.3d 168, 172-173, 573 N.E.2d 1074 (1991), citing Ohio Constitution, Article IV, Section 4(B). The

subject-matter jurisdiction of the juvenile court is created and defined in R.C. 2151.23. *See id; see also Rowell v. Smith,* 133 Ohio St.3d 288, 2012-Ohio-4313, 978 N.E.2d 146, ¶ 13. Mother argues that the juvenile court has jurisdiction to entertain her petition based upon R.C. 2151.23(A)(2), which provides that the juvenile court has exclusive original jurisdiction "[t]o determine the custody of any child not a ward of another court of this state."

{¶9} Mother's argument, however, ignores R.C. 2151.23(A)(9), which specifically applies to permanent-custody agreements under R.C. 5103.15. R.C. 2151.23(A)(9) provides that "the juvenile court has exclusive original jurisdiction under the Revised Code * * * [t]o hear and determine requests for the extension of temporary custody agreements, and *requests for approval of permanent custody agreements, that are filed pursuant to section 5103.15 of the Revised Code.*" (Emphasis added.)

{¶10} R.C. 5103.15(B)(1) provides that "the parents * * * of a child, may with court approval, surrender the child into the permanent custody of a public children services agency or private child-placing agency to be cared for by the agency or placed by it in a family home." R.C. 5103.15(B)(2), provides, however, that

> the parents of a child less than six months of age may enter into an agreement with a private child placing agency surrendering the child into the permanent custody of the agency without juvenile court approval if the agreement is executed solely for the purpose of obtaining the adoption of the child. The agency shall, not later than two business days after entering into the agreement, notify the juvenile court. The court shall journalize the notices it receives under division (B)(2) of this section.

4

{¶11} Here, mother elected to surrender her three-day-old son to the permanent custody of PAS, a private child-placing agency, solely for the purpose of obtaining the adoption of the child. Thus, under R.C. 5103.15(B)(2), juvenile court approval was not required to effect the permanent surrender of her son. Given the language in R.C. 2151.23(A)(9), which only references the jurisdiction of the juvenile court in conjunction with "requests for approval of permanent custody agreements, that are filed pursuant to section 5103.15 of the Revised Code," we cannot say that the juvenile court erred in concluding that it lacked jurisdiction to entertain mother's petition, which sought to "revoke" the permanent surrender of her child.

{¶12} The Ninth Appellate District has reached the same conclusion in a factually similar case. In *In re E.B.*, 9th Dist. Summit No. 23850, 2008-Ohio-784, the birth mother had filed in the Summit County Juvenile Court a motion for relief from judgment to set aside her permanent surrender. *Id.* at ¶ 3. An adoption petition had already been filed and was pending in the probate court when the birth mother filed her motion in the juvenile court. *Id.* at ¶ 6. The Summit County Juvenile Court dismissed the birth mother's motion for lack of jurisdiction and the Ninth Appellate District affirmed. *Id.* at ¶ 7-8.

{¶13} The Ninth District held that because the birth mother had elected to surrender her five-month-old child to a private child-placing agency solely for the purpose of obtaining the adoption of the child, the juvenile court had no obligation under the plain language of R.C. 5103.15(B)(2) to take any action in regard to the surrender agreement. *Id.* at ¶ 19. Thus, the Ninth Appellate District concluded that R.C. 5103.15(B)(2) when strictly construed did not recognize the right of withdrawal of consent by a parent of a child less than six months old where permanent surrender had been made to a private agency solely for the purpose of adoption. *Id.* at ¶ 20.

5

Because juvenile court approval was not required, there was no jurisdiction for the court to exercise. *Id.* at ¶ 21-22.

{¶14} Similarly, here the juvenile court's administrative function of journalizing the permanent surrender under R.C. 5103.15(B)(2) did not invoke its jurisdiction to approve or disapprove the grant of permanent custody to PAS. Thus, any arguments mother may have relating to the validity of her permanent surrender, which would have consequences for any subsequent adoption proceeding, would not lie within the juvenile court's jurisdiction.

{¶15} Given that mother has challenged on appeal only the subject-matter jurisdiction of the juvenile court to entertain her petition, and PAS has not cross-appealed from the juvenile court's statement that jurisdiction over her petition lies with the Hamilton County Probate Court, we decline mother's and PAS's invitation to determine whether the probate court would have jurisdiction to entertain mother's petition or whether jurisdiction resides with the California court that is presiding over the adoption proceedings. We, therefore, overrule mother's sole assignment of error and affirm the judgment of the juvenile court.

Judgment affirmed.

**CUNNINGHAM, P.J,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry this date.