[Cite as *Engelhart v. Hamilton Cty. Bd. of Commrs.*, 2016-Ohio-4935.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JOSEPH M. ENGELHART, | : | APPEAL NO. C-150639 |
| | | TRIAL NO. A-1405101 |
| GAYLE O. LUNKEN, | : | |
| | | *O P I N I O N.* |
| and | : | |
| KB PARTNERS, INC., | : | |
| Appellants, | : | |
| vs. | : | |
| HAMILTON COUNTY BOARD OF COMMISSIONERS, | : | |
| | : | |
| and | : | |
| | : | |
| WAYNE COATS, | | |
| Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 13, 2016

*The Law Firm of Curt C. Hartman* and *Curt C. Hartman*, and *Finney Law Firm, LLC*, and *Christopher P. Finney*, for Appellants,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, *David T. Stevenson* and *Jeremiah Seebohm*, Assistant Prosecuting Attorneys, for Appellees.

**MOCK, Judge.**

{¶1}    Appellants Joseph M. Englehart, Gayle O. Lunken, and KB Partners, Inc., (collectively "the landowners") are registered landowners in Hamilton County. They sought to appeal a decision of appellee Hamilton County Board of Commissioners abolishing registered land. They also named Wayne Coats, Hamilton County Recorder, as an appellee. (We refer to the appellees collectively as "the board.") The Hamilton County Court of Common Pleas granted the board's motion to dismiss the appeal. The landowners have filed a timely appeal from that dismissal. We find no merit in their sole assignment of error, and we affirm the trial court's judgment.

{¶2}    In 1991, the Ohio legislature enacted R.C. 5310.32, which states that "a board of county commissioners may adopt a resolution to consider the merits of abolishing land registration in the county." R.C. 5310.33 through 5310.36 provide a procedure for the board to follow in determining whether to abolish registered land. If, after following that procedure, the board determines that "the costs exceed the benefits of maintaining a land registration system in the county," it may "adopt a resolution of abolition that makes specific findings with regard to the costs and benefits and requires abolition of land registration in the county." R.C. 5310.36.

{¶3}    Following a public hearing, the board adopted Resolution 25, in which it stated that because the costs of the registered-land system exceeded the benefits, "the Board hereby abolishes land registration in Hamilton County, Ohio[.]" The landowners filed a "Notice of Appeal from Administrative Proceedings," in which they contended that the board's decision to abolish registered land "was not supported by reliable, probative, and substantial evidence and was not made in accordance with law." They

contended that the board did not follow the procedures set forth in R.C. 5310.33 through 5310.36 in adopting Resolution 25.

{¶4} The board filed a motion to dismiss the appeal, in which it argued that the common pleas court lacked subject-matter jurisdiction to hear any appeal from Resolution 25. The court found that the board's adoption of the resolution was a legislative action, and therefore, no statutory provision allowed for an appeal of the resolution. This appeal followed.

{¶5} In their sole assignment of error, the landowners contend that the trial court erred in granting the board's motion to dismiss their appeal. They argue that the board's adoption of the resolution was the result of a quasi-judicial proceeding, and therefore, it was subject to review under R.C. 2506.01. This assignment of error is not well taken.

{¶6} Subject-matter jurisdiction denotes the power of a court to hear and decide a case on its merits and to render an enforceable judgment in the action. *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972); *In re T.J.B.*, 1st Dist. Hamilton No. C-130725, 2014-Ohio-2028, ¶ 6. A defect in subject-matter jurisdiction cannot be waived or forfeited and may, therefore, be raised at any time. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1925, ¶ 10; *T.J.B.* at ¶ 6. A trial court's dismissal for lack of subject-matter jurisdiction is a question of law that an appellate court reviews de novo. *T.J.B.* at ¶ 7.

{¶7} The landowners argue that the board's decision was reviewable under R.C. 307.56 and 2506.01. R.C. 307.56 provides that "[a] person aggrieved by the decision of the board of county commissioners may appeal to the court of common pleas, as provided by and under the authority of Chapter 2506 of the Revised Code." R.C. 2506.01 provides that except for certain enumerated exceptions, "every final order,

adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas * * * ."

{¶8} Despite this broad language, the jurisdiction granted by the statute does not include jurisdiction to review actions of a legislative body that occur as a result of the exercise of legislative authority. *Berg v. Struthers,* 176 Ohio St. 146, 146-147, 198 N.E.2d 48 (1964); *Osburn Towing v. Akron*, 9th Dist. Summit No. 26633, 2013-Ohio-5409, ¶ 6. But a public body that is essentially legislative in character may act in an administrative capacity. *Donnelly v. Fairview Park*, 13 Ohio St.2d 1, 233 N.E.2d 500 (1968), paragraph one of the syllabus; *Osburn Towing* at ¶ 6. The question of whether an action by a legislative body is appealable under R.C. 2506.01 depends on whether it acted legislatively or administratively. *Shaheen v. Cuyahoga Falls City Council*, 9th Dist. Summit No. 24472, 2010-Ohio-640, ¶ 16.

{¶9} A legislative body acts administratively when it acts in a quasi-judicial capacity. *Id.* at ¶ 17. Thus, an administrative decision rendered in a quasi-judicial proceeding is appealable under R.C. 2506.01. *M.J. Kelly Co. v. Cleveland*, 32 Ohio St.2d 150, 290 N.E.2d 562 (1972), paragraph one of the syllabus; *State ex rel. Fern v. Cincinnati*, 161 Ohio App.3d 804, 2005-Ohio-3168, 832 N.E.2d 106, ¶ 51 (1st Dist.).

{¶10} The earmarks of a quasi-judicial proceeding include requirements of notice, a hearing, and an opportunity to introduce evidence. *M.J. Kelly Co.* at paragraph two of the syllabus; *State ex rel. Fern* at ¶ 51.

> Whether there is an adjudication depends not on what the administrative agency actually did, but rather upon what the administrative agency should have done. Where the administrative agency should have given notice, conducted a hearing and afforded the parties an opportunity to be

4

heard and to introduce evidence, the order is a result of an adjudication even if the administration fails to afford such notice and hearing.

*State ex rel. Fern* at ¶ 51.

{¶11} The landowners argue that the abolishment of registered land by a board of county commissioners constitutes a quasi-judicial proceeding because R.C. 5310.33 through 5310.36 require the board to collect evidence about the costs and benefits of maintaining a land-registration system, hold a public hearing, provide notice of the public hearing, allow the presentation of evidence, cause a stenographic record to be made of the hearing, review and assess the evidence, and make specific findings about the costs and benefits. While these statutory requirements are indicative of a quasi-judicial proceeding, they do not automatically mandate the conclusion that the board acted in an administrative capacity.

{¶12} A legislative body acts in a legislative capacity when it enacts a new law. "The test for determining whether the action of a legislative body is legislative or administrative is whether the action is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." *Donnelly*, 13 Ohio St.2d 1, 233 N.E.2d 500, at paragraph two of the syllabus; *Shaheen*, 9th Dist. Summit No. 24472, 2010-Ohio-640, at ¶ 16. The facts considered in a quasi-judicial administrative action relate to individuals or specific situations; they are "roughly the types of facts that go to a jury in a jury case." *Shaheen* at ¶ 22.

{¶13} Legislative facts, on the other hand, do not concern the immediate parties. They are general facts that help the tribunal decide questions of "law, policy, and discretion." *Id.* at ¶ 23. They are "normally generalizations concerning a policy or state of affairs." *Id.* Legislative action "results in the *formulation* of a general rule or policy," while quasi-judicial action "results in the *application* of a general rule or policy."

5

(Emphasis sic.) *Id.* *Accord Ohio Multi-Use Trails Assn. v. Vinton Cty. Commrs.*, 182 Ohio App.3d 32, 2009-Ohio-2061, 911 N.E.2d 350, ¶ 9 (4th Dist.).

{¶14} In *Osburn Towing*, the city of Akron divided the city into seven towing districts, each with a designated towing company and impound lot. Osburn Towing was the designated company for district six, and it owned and operated the designated impound lot in that district. Eventually, it sold the property where it had been operating the impound lot, but it continued to tow vehicles and took them to the impound lot in another district. Consequently, the Akron City Council amended the city code to remove Osburn Towing as the designated towing company and designate a new company and a new impound lot for district six.

{¶15} Osburn Towing filed an appeal of the ordinance to the court of common pleas. The city filed a motion to dismiss the appeal, arguing that the amendment of the ordinance was a legislative act, and therefore, was not subject to review under R.C. 2506.01. The trial court disagreed, finding that the city's removal of Osburn Towing as the designated towing company for district six was an administrative action.

{¶16} The Ninth Appellate District reversed the trial court's decision, finding that the city had acted legislatively. It noted that city council's Public Safety Committee held hearings at which Osburn Towing was represented. The committee had recommended that the city adopt the amended ordinance removing Osburn Towing as the designated towing operator for district six.

{¶17} The court also noted that the city had established the Police Towing Review Board to review the performance and operation of the designated towing companies. The board was required to give notice and hold a public hearing to determine if a towing company had violated any of the city ordinances applicable to the towing and impounding of vehicles.

6

{¶18}   The court further stated that even though the city council had created an administrative body to oversee the operation of towing companies, it had reserved the right to revoke a license for serious violations affecting public safety, and it did not delegate authority over the designation of a towing location or operator. *Osburn Towing*, 9th Dist. Summit No. 26633, 2013-Ohio-5409, at ¶ 12-13. Once Osburn Towing had sold the property the city had originally designated as the impound lot for district six, towing operations were not available in that district. The city was "essentially in the same position as it was at the inception of the adoption of the ordinance—it needed to identify a location and operator for District Six." *Id.* at ¶ 13.

{¶19}   The court went on to state, "What is critical here is that the focus of the legislative process undertaken in this case was not to sanction or review Osburn Towing's performance as a tow operator." *Id.* at ¶ 15. Had the "focus of Council's efforts been to examine Osburn Towing's alleged violations or 'offenses' under the ordinance," the proceedings would have been administrative. *Id.* Instead, the city was faced with designating a new location for towing operations because none existed after Osburn Towing had sold its impound lot. Thus, the court concluded, city council's amendment of the ordinance was "undertaken pursuant to its legislative authority." *Id.* at ¶ 16.

{¶20}   *In Ohio Multi-Use Trails*, a township board of trustees petitioned the Vinton County Board of Commissioners to vacate a township road. After the commissioners failed to vote on the issue within 60 days, the township trustees adopted a resolution vacating the road. The Ohio Multi-Use Trails Association, a nonprofit corporation that used various roads and trails in Ohio for recreational events and fundraisers, filed an appeal with the court of common pleas challenging the vacation of the road. The common pleas court dismissed the appeal after it found

the trustees' resolution and the commissioners' failure to act were the result of legislative action, not quasi-judicial action.

{¶21} The Fourth Appellate District affirmed the decision of the common pleas court. It noted that R.C. Chapter 5553 governed the vacation of county roads. In particular, R.C. 5533.045 allowed a board of township trustees to petition a board of county commissioners to vacate a township road by passing a resolution. It then provided the procedure the commissioners had to follow upon receiving that resolution. *Ohio Multi-Use Trails*, 182 Ohio App.3d 32, 2009-Ohio-2061, 911 N.E.2d 350, at ¶ 10.

{¶22} The association contended that the commissioners' failure to act on the trustees' petition and the trustees' subsequent resolution were quasi-judicial because they did not enact a law, but simply administered the laws set forth in R.C. Chapter 5553. Specifically, it contended that because R.C. 5553.045 required the commissioners to hold a public hearing, take evidence, and then make a determination that vacating the road would be for "public convenience or welfare," vacating the road was an administrative act. *Id.* at ¶ 11.

{¶23} The appellate court stated that the Ohio Supreme Court and lower appellate courts had held that the act of vacating a street is a legislative act. *Id.* at ¶ 12. It went on to state that well after those cases had been decided, the General Assembly had modified R.C. Chapter 5553 and enacted R.C. 5543.045. The legislature is presumed to be fully aware of any prior judicial interpretation of an existing statute when enacting an amendment. Yet, in amending R.C. Chapter 5553 and enacting R.C. 5543.045, it did not expressly create a right to appeal under R.C. Chapter 2506. "Thus, we must assume that by enacting R.C. 5553.045 the legislature

intended that there is no right to appeal the vacation of a road under R.C. 5553.045 through an appeal brought under R.C. Chapter 2506." *Id.* at ¶ 13.

{¶24} In a similar vein, courts have held that the amendment and enactment of zoning regulations constitutes legislative action. *See Moraine v. Bd. of Cty. Commrs.*, 67 Ohio St.2d 139, 143-144, 423 N.E.2d 184 (1981); *Shaheen*, 9th Dist. Summit No. 24472, 2010-Ohio-640, at ¶ 27. Thus, in *Shaheen*, the Ninth Appellate District held that a city council's decision approving a "Regulating/Final Development Special Overlay Plan" for a particular neighborhood that included a "Conservation Residential Overlay," which changed the zoning on property in the district, was legislative. The court held that even though the process used in council's decision had the hallmarks of a quasi-judicial action, the adoption of the conservation residential overlay was a general policy decision that involved rezoning. It was therefore legislative, even if other aspects of adopting the redevelopment plan were administrative. *Id.* at ¶ 24-33.

{¶25} R.C. 5310.32 et seq. give a county board of commissioners authority to consider abolishing land registration and provide the procedure for doing so. Nothing in those statutes requires it to abolish registered land, and registered land will not be abolished in a particular county unless the board acts. In making the decision, the board does not consider the facts of individual cases, but analyzes broad policy considerations. *See* R.C. 5310.34.

{¶26} In this case, the board did an extensive cost-benefit analysis of registered land and ultimately decided to abolish it. It did not execute or administer any existing law relating to the facts of any specific case or individual, it enacted a new law abolishing registered land after considering the overall costs and benefits.

We hold that the board's actions were legislative, and therefore, no appeal lies from its decision. *See Moraine* at 144.

{¶27} We note that former R.C. 5310.37 had allowed a registered landowner to bring a civil action in the court of common pleas "praying for an order restraining the implementation of abolition of land registration." It provided that any party could appeal from an adverse judgment in the same manner as in other civil actions. It further stated that "[t]his section is the sole means for judicial review of resolutions of abolition. Such resolutions are not appealable under" R.C. 2506.01. The legislature repealed this statute, effective January 30, 2014. We must presume then, that by repealing that statute and by not providing for an appeal under the new statutory scheme, the legislature did not intend for a decision of a board of county commissioners abolishing registered land to be appealable. *See Ohio Multi-Use Trails*, 182 Ohio App.3d 32, 2009-Ohio-2061, 911 N.E.2d 350, at ¶ 13.

{¶28} Consequently, we hold that the trial court did not err in granting the board's motion to dismiss for lack of subject-matter jurisdiction. We overrule the landowners' sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.


**CUNNINGHAM, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry this date.