[Cite as *NVR, Inc. v. Centerville*, 2016-Ohio-6960.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| NVR, INC. | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 27021 |
| | : | |
| v. | : | T.C. NO. 15CV5505 |
| | : | |
| CITY OF CENTERVILLE, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of _____September_____, 2016.

. . . . . . . . . .

MICHAEL P. McNAMEE, Atty. Reg. No. 0043861 and GREGORY B. O'CONNOR, Atty. Reg. No. 0077901, 2625 Commons Blvd., Beavercreek, Ohio 45431
        Attorneys for Plaintiff-Appellant

SCOTT A. LIBERMAN, Atty. Reg. No. 0058432 and STEVEN E. BACON, Atty. Reg. No. 0059926 and CRISTINA NEUMAN, Atty. Reg. No. 0092643, One South Main Street, Suite 1590, Dayton, Ohio 45402
        Attorneys for Defendants-Appellees

. . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** NVR, Inc., d.b.a. Ryan Homes, appeals from a judgment of the Montgomery County Court of Common Pleas, which sustained a motion by the City of Centerville to dismiss NVR's administrative appeal. Centerville had denied NVR's preliminary

development plan for a particular parcel of land, and NVR filed an administrative appeal pursuant to R.C. Chapter 2506.   In its motion to dismiss NVR's appeal, the city argued that the appeal was untimely, and that the court of common pleas therefore lacked subject matter jurisdiction.   The trial court agreed.

{¶ 2}   For the following reasons, the judgment of the trial court will be reversed.

## I.     Facts and Procedural History

{¶ 3}   It appears from the record that there have been multiple attempts to develop the property that is at issue in this appeal, which is an approximately 33-acre parcel of land on East Alex Bell Road in Centerville.   We will discuss this history only insofar as it is relevant to this appeal.

{¶ 4}   NVR filed a preliminary development plan with the City of Centerville in May 2015.   In June 2015, the planning commission voted to approve the plan, subject to eight conditions.   However, on September 21, 2015, the Centerville City Council voted to reverse the approval in its entirety.   On September 25, 2015, the Centerville Clerk of Council mailed a letter to NVR, informing it of the City Council's action on the preliminary development plan.

{¶ 5}   On October 19, 2015, the Centerville City Council adopted the minutes of its September 21, 2015 meeting.   On October 20, NVR filed its notice of administrative appeal in the court of common pleas.   This notice was served on the city on October 26, 2015.

{¶ 6}   On November 16, 2015, NVR filed a petition for writ of mandamus in the trial court, arguing that the city council did not have authority to modify or reverse the decision of the planning commission with respect to approval of a preliminary or final development

plan, that the city council's actions precluded NVR from submitting -- and the planning commission from approving -- a final development plan, and that NVR did not have an adequate remedy at law.

{¶ 7} On November 25, 2015, the petition for writ of mandamus (Case No. 2015 CV 6026) and the administrative appeal (Case No. 2015 CV 5505) were consolidated by the court of common pleas.

{¶ 8} On January 6, 2016, Centerville filed a Civ.R. 12(B)(1) motion to dismiss NVR's administrative appeal for lack of subject matter jurisdiction, because NVR had not timely perfected its administrative appeal. Specifically, Centerville asserted that it mailed its decision denying the preliminary development plan on September 25, 2015, which began the 30-day appeal period set forth in R.C. 2505.07, and that NVR notified the city of its appeal on October 26, 2015, more than 30 days later. Centerville asserted that the trial court lacked subject matter jurisdiction to hear the appeal because NVR failed to comply with the statutory requirements for an administrative appeal.

{¶ 9} On February 9, 2016, the trial court filed a "Decision, Order, and Entry" sustaining Centerville's motion to dismiss for lack of subject matter jurisdiction. The court concluded that city council's September 25, 2015, letter to NVR had been a final order and that NVR had failed to perfect its appeal within 30 days of that order. The decision contained a Civ.R. 54(B) certification that it was a final appealable order and that there was no just reason for delay; it did not address the writ of mandamus.

{¶ 10} NVR raises one assignment of error on appeal, which challenges the trial court's conclusion that it lacked subject matter jurisdiction. NVR challenges the trial court's conclusions in several respects, arguing that 1) the September 25, 2015, letter

from the Clerk of Council informing it of the city council's decision was not a final order, 2) the letter "was not an order at all," 3) the 30-day deadline for commencing an appeal was extended by the fact that the 30th day fell on a Sunday, and 4) the date on which the letter was mailed did not start the 30-day appeal period.

## II. Standard for Appellate Review of an Administrative Decision

{¶ 11} When an appellate court reviews a common pleas court's decision regarding an administrative order, the appellate court uses two distinct standards of review. On a question of fact, an appellate court's review is limited to an abuse of discretion; however, on a question of law, an appellate court's review is de novo. *Key Ads, Inc. v. Dayton Bd. of Zoning Appeals*, 2014-Ohio-4961, 23 N.E.3d 266, ¶ 13 (2d Dist.), citing *Lamar Outdoor Advertising v. Dayton Bd. of Zoning Appeals,* 2d Dist. Montgomery No. 18902, 2002 WL 1349600, * 2 (June 21, 2002) and *Ohio Dept. of Commerce, Div. of Real Estate v. DePugh,* 129 Ohio App.3d 255, 261, 717 N.E.2d 763 (4th Dist.1998).

## III. If the 30th Day for Filing an Administrative Appeal is a Sunday, is the Deadline Extended?

{¶ 12} We begin with NVR's argument that, if the September 25, 2015, letter were the city's final order, NVR's filing of a notice of appeal on October 26 was timely.

{¶ 13} "The filing of a notice of appeal under R.C. 2505.04 is essential to vest the common pleas court with jurisdiction over an administrative appeal." *Harris v. City of Akron Hous. Appeals Bd.*, 9th Dist. Summit No. 21197, 2003-Ohio-724, ¶ 8, citing *Chapman v. Housing Appeals Bd.*, 9th Dist. Summit No. 18166, 1997 WL 537651 (Aug. 13, 1997). An appeal from an administrative board must be perfected within 30 days

after the entry of the final order. R.C. 2505.07. In this case, assuming that the Clerk's letter constituted the final order, the 30th day fell on a Sunday, October 25, 2015; the appeal was filed with the clerk of the trial court on October 20, and notice was served on the city on October 26, 2015.

{¶ 14} There are several authorities for the proposition that, where a period in which to perform an action is set forth by statute, and the final day of the period falls on a Sunday, the action can be performed on the following business day. Most importantly, R.C. 1.14 states: "The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that, when the last day falls on Sunday or a legal holiday, the act may be done on the next succeeding day that is not Sunday or a legal holiday." *See also McCormick v. Wellston Bd. of Zoning Adjustment*, 4th Dist. Jackson No. 463, 1982 WL 3561, * 1 (Oct. 18, 1982) and *Seaway Taverns, Inc. v. Bd. of Liquor Control*, 82 Ohio Law Abs. 19, 163 N.E.2d 186, 187 (10th Dist.1959) (both applying R.C. 1.14 to an appeal pursuant to R.C. Chapter 2505).

{¶ 15} Centerville argues that R.C. 1.14 does not apply to extend the deadline for filing an appeal because such "flexibility" is not included in R.C. 2505.07. We disagree with Centerville's view of the interplay between the statutes. The fact that another statute, such as R.C. 2505.07,[1] does not expressly repeat the language of R.C. 1.14 does not mean that the manner of calculating time set forth in R.C. 1.14 does not apply. For example, many cases have held that the computation method set forth in R.C. 1.14

---

[1] R.C. 2505.07 states, in its entirety, "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."

applies to the calculation of the statute of limitations, notwithstanding that statutes setting forth limitation periods do not specifically incorporate R.C. 1.14. *See, e.g., Ritz v. Brown*, 61 Ohio App.3d 65, 70, 572 N.E.2d 159 (3d Dist.1989) (holding that R.C. 1.14 is applicable to the computation of a limitations period); *Haynes v. George Ballas Buick-GMC Truck*, 6th Dist. Lucas No. L-89-168, 1990 WL 210413, * 14 (Dec. 21, 1990) ("computation of the statute of limitations period is controlled by R.C. 1.14"); *Timson v. Gillings*, 10th Dist. Franklin No. 74AP-438, 1975 WL 181240, * 1 (Mar. 25, 1975) ("Ohio statutes are clear that, when an act must be done within a certain period, one excludes the first day and includes the last day unless a Sunday or holiday intervenes as the last day"); *Green v. U.S.A. Energy Consultants*, 8th Dist. Cuyahoga No. 50942, 1986 WL 11053, * 3 (Sept. 18, 1986); *Mokrytzky v. Super Sys., Inc.*, 8th Dist. Cuyahoga No. 87929, 2007-Ohio-404, ¶ 10. *See also Cox v. Dayton Pub. Schools Bd. of Edn.*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-5505, ¶ 19 (where statute requires delivery of notice of a motion to vacate, modify, or correct an arbitration award within a designated time period, "[w]e measure the start and end point of the [period] by applying relevant provisions of the Revised Code and the Rules of Civil Procedure governing service of motions," and citing R.C. 1.14 and Civ.R. 6(A).)

**{¶ 16}** R.C. 1.14 is dispositive, so we need not address the parties' argument about App.R. 14(A). However, some rules of court also potentially support the conclusion that a deadline that falls on a Sunday is calculated to end on the next business day.

**{¶ 17}** R.C. 2505.03(A) and (B) provide:

(A) Every final order, judgment, or decree of a court and, when provided by

law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction.

(B) Unless, in the case of an administrative-related appeal, Chapter 119. or other sections of the Revised Code apply, *such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure.* * * *

(Emphasis added.)

{¶ 18} App.R. 14(A) states that, when a filing deadline falls on a Sunday, a party may complete the action in question on the following business day; Civ.R. 6(A) also states that, when a deadline falls on a Saturday, Sunday, or legal holiday, "the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday." The Civil Rules "prescribe the procedure to be followed in all courts of this state," unless, by their nature, they are clearly inapplicable.  Civ.R. 1(A) and (C).  Centerville suggests that court rules apply to court proceedings, and not administrative ones, unless specific statutes or regulations require them to apply to administrative proceedings; however, an administrative appeal to the court of common pleas is a court proceeding.  *See, e.g., SP9 Ent. Trust v. Brauen*, 3d Dist. Allen No. 1-14-03, 2014-Ohio-4870, ¶ 40; *Moffett v. Salem City School Dist. Bd. of Educ.*, 7th Dist. Columbiana No. 2003CO7, 2003-Ohio-7007, ¶ 24.

{¶ 19} Centerville also argues that NVR is not permitted to rely on such "procedural" rules "to try to expand the jurisdiction of" the trial court "for the first time on

appeal," and that NVR waived any argument related to the calculation of the deadline by failing to raise it in the trial court. Centerville asserts that the trial court was not "presented with the opportunity to consider whether R.C. 1.14 or Appellate Rule 14(A) can extend the deadline to perfect an administrative appeal," because, in the trial court, NVR's argument focused on the finality of the September 25 letter. We disagree.

**{¶ 20}** The applicability of R.C. 1.14 (or even, if pertinent, App.R. 14(A) and/or Civ.R. 6(A)) are questions of law, as is a trial court's dismissal of a claim for lack of subject-matter jurisdiction, all of which we review de novo. An appellate court is permitted to recognize error in a trial court's application of the rules or dismissal of a claim for lack of subject matter jurisdiction, regardless of whether such arguments were raised in the trial court. *See Engelhart v. Hamilton Cty. Bd. of Commrs.*, 1st Dist. Hamilton No. C-150639, 2016-Ohio-4935, ¶ 6, citing *In re T.J.B.,* 1st Dist. Hamilton No. C-130725, 2014-Ohio-2028, ¶ 7 (related to de novo review of dismissal for lack of subject matter jurisdiction).

**{¶ 21}** "A defect in subject-matter jurisdiction cannot be waived or forfeited and may, therefore, be raised at any time." *Engelhart* at ¶ 6, citing *State v. Mbodji,* 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10; *State v. Wilson,* 73 Ohio St.3d 40, 46, 652 N.E.2d 196 (1995) ("The issue of a court's subject matter jurisdiction cannot be waived. A party's failure to challenge a court's subject matter jurisdiction cannot be used, in effect, to bestow jurisdiction on a court where there is none."); *State ex rel. Kline v. Carroll,* 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27 ("invited error" is a branch of the waiver doctrine and is also inapplicable to an attack on the subject matter jurisdiction); *Vilk v. Dinardo*, 8th Dist. Cuyahoga No. 103755, 2016-Ohio-5245, ¶ 10 ("the

question of a court's subject matter jurisdiction can be raised at any time -- even after judgment or on appeal"); *Leist v. Mad River Twp. Bd. of Trustees*, 2d Dist. Clark No. [2015]-CA-86, 2016-Ohio-2960, ¶ 6 (issues related to subject matter jurisdiction cannot be waived and may be raised sua sponte by an appellate court).   *See also United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it "can never be forfeited or waived"); *Rote v. Zel Custom Mfg, LLC,* 816 F.3d 383, 392 (6th Cir.2016) (holding that jurisdictional arguments not raised in the district court are not waived on appeal).   Although most cases addressing this issue deal with an alleged *lack* of subject matter jurisdiction, whereas NVR's argument here asserts the existence of subject matter jurisdiction, we apply the doctrine of waiver equally to both sides of an argument.

{¶ 22}   Furthermore, even assuming that an argument as to the presence of a trial court's subject matter jurisdiction could be waived, an appellate court would be permitted to recognize plain error in a trial court's erroneous determination that it lacked such jurisdiction.   Although the recognition of plain error is rare in civil cases, it may be appropriate where the error in question, such as an erroneous denial of subject matter jurisdiction, "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."   *Cavins v. S & B Health Care, Inc.*, 2015-Ohio-4119, 39 N.E.3d 1287, ¶ 115 (2d Dist.), quoting *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶ 23}   *Goldfuss* held that plain error should not be applied in a civil case where

the Appellant did not object to certain jury instructions; in fact, counsel indicated that the proposed instruction was "a hundred percent correct." *Goldfuss* at 119. Unlike *Goldfuss*, the issue in this case is not that NVR failed to argue to the trial court that the court had jurisdiction, but rather that it did not explicitly argue one of the reasons *why* the court did have jurisdiction. Moreover, issues related to jurisdiction are qualitatively different from issues related to jury instructions, admissibility of evidence, and the like, where a party's acquiescence might reasonably factor into a court's decision.

{¶ 24} Our duty is to address NVR's assignment of error that the trial court erred in determining it did not have jurisdiction, i.e., the statutory or constitutional power to adjudicate the case; a court either has or does not have that power, as a matter of law. Controversies should be decided, whenever possible, on their merits.

{¶ 25} We also note that to interpret R.C. 2505.07's 30-day filing deadline as Centerville suggests would actually *shorten* the period in which a notice of appeal must be filed – requiring, for example, a party to treat Friday as the deadline when the 30th day falls on a weekend, since there would be no way to make service on a weekend or holiday. Although Centerville has argued that a deadline cannot be "extended" by other statutes or court rules, it has cited no supported for its interpretation of the calculation so as to shorten the period for filing, and we are aware of none.

{¶ 26} The parties do not dispute that the 30th day following the mailing of the city council's decision on September 25 was October 25, a Sunday. Under these circumstances, pursuant to R.C. 1.14, NVR was permitted to file its notice of appeal the next day that was not a Saturday, Sunday, or legal holiday. If the September 25, 2015 letter were a final order, NVR's appeal from that order was not filed beyond the 30 days

permitted by statute. Moreover, if the final order were issued at a later date (i.e., on October 19, when the minutes of the September 21 meeting were adopted, as NVR contends in part of its brief), the October 26, 2015, notice of appeal was even "more" timely and effective.

{¶ 27} NVR's other assignments are moot. Regardless of whether the final order were the September 25 letter or the October 19 adoption of the minutes from the city council's prior meeting, the October 26 notice of appeal conferred the trial court with subject matter jurisdiction.

{¶ 28} The assignment of error is sustained.

### IV. Conclusion

{¶ 29} The judgment of the trial court will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

HALL, J, concurring:

I agree that R.C. 1.14 applies to extend the final day to file the administrative appeal from Sunday, October 25, 2015, to the following Monday, and therefore the appeal was timely. I also agree that R.C. 114 is dispositive of the issues on appeal. I write separately to emphasize that I do not believe either the Civil Rules or the Appellate Rules apply to extend the time for an administrative appeal. In my opinion, reference to those rules should not be interpreted as an inference that they apply here.

. . . . . . . . . . . . .

Copies mailed to:

Michael P. McNamee
Gregory B. O'Connor
Scott A. Liberman
Steven E. Bacon
Cristina Neuman
Hon. Mary Katherine Huffman