[Cite as *In re S.B.*, 2024-Ohio-5338.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| IN RE: S.B. | : | APPEAL NO. | C-240040 |
| | | TRIAL NO. | F/23/1003 Z |
| | : | | |
| | : | | |
| | : | *O P I N I O N* | |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 8, 2024

Petitioner-Appellant, pro se,

*Vorhees & Levy LLC* and *Michael R. Vorhees*, for Respondants-Appellees.

**ZAYAS, Presiding Judge.**

**{¶1}** Petitioner-appellant, biological mother, ("petitioner") appeals the judgment of the Hamilton County Juvenile Court finding that it lacked jurisdiction to consider her R.C. 2151.23(A)(2) petition for custody of S.B. In a single assignment of error, she argues that the juvenile court erred in finding that it lacked jurisdiction to consider her petition. For the reasons that follow, we overrule the assignment of error and affirm the judgment of the juvenile court.

## I.    *Procedural History*

**{¶2}** On July 25, 2023, petitioner filed an R.C. 2151.23(A)(2) petition for custody of S.B., seeking custody from nonparent custodians.

**{¶3}** On October 11, 2023, the magistrate entered an order for law enforcement to retrieve S.B. from the nonparent custodians ("respondents") and place the child back in petitioner's care. The order said:

> [Petitioner] states the child is in the physical custody of [respondents] of Cincinnati, OH since February 2023. The child is 14 months old. [Petitioner] was in a situation where she required assistance and reached out to [respondents] to help care for the child. [Petitioner] has tried to take the child back, and [respondents] refuse to return the child to [petitioner].

> [Petitioner] states that there is no custody determination out of any other court, nor is children's services open or investigating [petitioner].

**{¶4}** Two days later, the juvenile court stayed the magistrate's October 11 order, and entered a new order stating, "The Court does not authorize [petitioner] to retrieve the child."

{¶5}  That same day, respondents filed an "Objection and Motion to Set Aside" the magistrate's October 11 order.  The motion asserted that the respondents were appearing for "the sole and limited purpose of requesting the dismissal of this action."  The motion argued that the juvenile court lacked jurisdiction to address the petition for custody as their adoption of S.B. was pending in Greene County, and thus S.B. was the ward of another court.  The motion also argued that jurisdiction was lacking as neither petitioner nor S.B. legally resided in Hamilton County.  Attached to the motion was (1) S.B.'s birth certificate, (2) a permanent-surrender agreement signed by petitioner, (3) the Greene County Petition for Adoption, and (4) documents filed by petitioner's attorney(s) in the Greene County court, including a motion to withdraw the permanent-surrender agreement signed by petitioner.

{¶6}  On December 14, 2023, the juvenile court found the respondents' motion was moot and dismissed the action for lack of jurisdiction.  The order noted that the Greene County court had issued a final decree of adoption regarding S.B. on October 24, 2023.  The final decree of adoption was filed in the record that same day.

{¶7}  Petitioner now appeals, arguing in a single assignment of error that the juvenile court erred in finding that it lacked jurisdiction to consider her petition.

## II.  Facts

{¶8}  The record shows that petitioner gave birth to S.B. on August 16, 2022, but later signed an "Ohio Department of Job and Family Services Permanent Surrender of Child" agreement ("the permanent-surrender agreement") concerning S.B. on February 5, 2023, surrendering permanent custody of S.B. to Adoption Link under R.C. 5103.15(B)(2).

{¶9}  Later, on March 20, 2023, respondents filed a petition to adopt S.B.— who had been placed in their care upon petitioner's surrender—with the Greene

3

County Probate Court ("the Greene County court") pursuant to R.C. 3107.05. The matter was set to be heard in the Greene County court in August 2023.

{¶10} In May 2023, petitioner—through counsel—filed a motion to continue in the Greene County court, alleging that her counsel had just been appointed and was not available on the day the hearing was scheduled. Petitioner also filed an additional motion—through counsel—in the Greene County court, requesting "a complete copy of the docket, pleadings, judgments, and notes that have been filed."

{¶11} Thereafter, in July 2023, petitioner, pro se, filed her petition for custody of S.B. in the Hamilton County Juvenile Court.

{¶12} Then, in August 2023, petitioner—through different counsel—filed, in the Greene County court, a motion to withdraw the permanent-surrender agreement, asserting that she was under extreme stress and duress when she entered into the agreement and did not have independent counsel during the surrender process.

{¶13} Subsequently, on September 21, 2023, the matter "came to be heard" in the Hamilton County Juvenile Court. The entry states, "Pre-trial is set for same time and date; however, the zoom information has changed." The matter was continued for a pretrial report on October 11, 2023.

{¶14} Shortly after, petitioner's counsel—that filed the motion to withdraw the permanent-surrender agreement—filed a motion to withdraw as petitioner's counsel in the Greene County court (served on September 27, 2023). A hearing was held on this motion in the Greene County court on October 9, 2023. In an entry from the court that day, the Greene County court noted that petitioner failed to appear and said that if petitioner failed to appear at the upcoming hearing on October 24, 2023, to address her motion to withdraw the permanent-surrender agreement, the court would dismiss the motion for failure to prosecute.

**{¶15}** Thereafter, on October 11, 2023, petitioner appeared in the Hamilton County Juvenile Court to be heard on her petition for custody. The entry specifically stated that petitioner represented to the magistrate that there was no custody determination out of any other court. The magistrate ordered that S.B. be returned to petitioner's care. However, the magistrate's order was then stayed by the juvenile court two days later. While the record provides no explanation for the stay, this is presumably when the juvenile court became aware of the facts omitted by the petitioner when presenting the circumstances surrounding S.B. to the court.

**{¶16}** On October 24, 2023, the Greene County court entered a final decree of adoption, decreeing that S.B. (now S.J.F.) was legally adopted by respondents.

**{¶17}** Then, at the next hearing before the Hamilton County Juvenile Court, the juvenile court dismissed the cause for lack of jurisdiction after receiving notice of the final decree of adoption.

### III.  Analysis

### A. Mootness

**{¶18}** We first note the possibility that this appeal has been rendered moot.

**{¶19}** "Moot appeals involve no active genuine controversy, the decision of which can definitely affect existing legal relations." *Parris v. Chapman*, 2021-Ohio-3501, ¶ 16 (10th Dist.), citing *In re L.W.*, 2006-Ohio-644, ¶ 11 (10th Dist.). "An appeal becomes moot when it becomes impossible for a court to grant meaningful relief, even if it were to rule in favor of the party seeking relief." *Id.*, citing *Dublin v. Friedman*, 2017-Ohio-9127, ¶ 21 (10th Dist.).

**{¶20}** Under R.C. 3107.15, a final decree of adoption relieves a biological parent "of all parental rights and responsibilities" and terminates "all legal relationships between the adopted person and the adopted person's relatives,

including the adopted person's biological or other legal parents, so that . . . the adopted person thereafter is a stranger to the adopted person's former relatives for all purposes . . . ."

**{¶21}** Further, under R.C. 3107.16(B), upon the expiration of six months after an adoption decree is issued, the decree cannot be questioned by any person, in any manner, or upon any ground.

**{¶22}** The decree of adoption was issued in this case on October 24, 2023. Thus, the six-month period in which petitioner could have contested the decree of adoption has passed. Consequently, even if the Hamilton County Juvenile Court arguably had jurisdiction to consider the petition for custody, the record reflects that a remand would now be futile as petitioner can no longer collaterally attack the Greene County adoption decree—and thus the termination of her parental rights to S.B.—on any grounds. *See generally In re Zschach*, 75 Ohio St.3d 648, 658 (1996) (indicating that R.C. 3107.16(B) provides the time restriction on collateral attacks on adoption decrees based on a probate court's lack of subject-matter jurisdiction due to legally invalid consent).

**{¶23}** Nevertheless, we are hesitant to dismiss the appeal as we do not have a complete transcript of the docket in the Greene County court in the record before us. Consequently, although the appeal appears to be moot based on the record, we decline to dismiss the appeal at this time given that we do not have confirmation that petitioner never initiated a challenge to the final decree of adoption in the Greene County court within the requisite time period. Therefore, we proceed to address the merits of the assignment of error presented in this case as we cannot confirm that it would be impossible for this court to grant meaningful relief if it were to rule in petitioner's favor.

6

**{¶24}** However, for the reasons discussed more fully below, we ultimately decline to rule in petitioner's favor.

### B. Jurisdiction

**{¶25}** "A trial court's dismissal for lack of subject-matter jurisdiction is a question of law that appellate courts review de novo." *In re T.J.B.*, 2014-Ohio-2028, ¶ 7 (1st Dist.), citing *Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33, ¶ 9 (1st Dist.).

**{¶26}** Here, this action was initiated via a petition for custody under R.C. 2151.23(A)(2), which provides the juvenile court with exclusive jurisdiction to "determine the custody of any child not a ward of another court of this state." The juvenile court initially proceeded with the petition under this provision based on information that it was given at the time.

**{¶27}** However, once respondents provided the court with the full picture, it became clear that petitioner's right to custody of S.B. was dependent upon her ability to contest the permanent-surrender agreement she entered into with Adoption Link under R.C. 5103.15(B)(2).[1]

**{¶28}** R.C. 5103.15(B)(2) provides:

> The parents of a child less than six months of age may enter into an agreement with a private child placing agency surrendering the child into the permanent custody of the agency without juvenile court approval if the agreement is executed solely for the purpose of obtaining the adoption of the child. The agency shall, not later than two business days after entering the agreement, notify the juvenile court. The agency

---

[1] We note that, although no records were provided in support, respondents claimed below that the permanent-surrender agreement between petitioner and Adoption Link was filed with the Greene County Juvenile Court on February 7, 2023, two days after it was entered into on February 5, 2023, and petitioner did not dispute this assertion.

also shall notify the court not later than two business days after the agency places the child for adoption. The court shall journalize the notices it receives under division (B)(2) of this section.

{¶29} In *In re T.J.B.*, 2014-Ohio-2028 (1st Dist.), this court considered, under substantially similar circumstances, the extent of the juvenile court's jurisdiction in relation to a permanent-surrender agreement under R.C. 5103.15(B)(2).

{¶30} The birth mother of *T.J.B.* had entered into a permanent-surrender agreement with a private adoption agency under R.C. 5103.15(B)(2). *Id.* at ¶ 1-2, 11. After the prospective adoptive parents filed a petition to adopt the child in a California court, the birth mother filed a petition to revoke her permanent-surrender agreement with the Hamilton County Juvenile Court. *Id.* at ¶ 3. The adoption agency contested the petition, arguing that the juvenile court lacked subject-matter jurisdiction over the petition. *Id.* at ¶ 4. The juvenile court agreed and dismissed the petition for lack of subject-matter jurisdiction. *Id.* The birth mother appealed, arguing that the juvenile court had jurisdiction to hear the petition under R.C. 2151.23(A)(2). *Id.* at ¶ 8. However, this court found that such an argument "ignores" R.C. 2151.23(A)(9), "which specifically applies to permanent-custody agreements under R.C. 5103.15." *Id.* at ¶ 9.

{¶31} R.C. 2151.23(A)(9) explicitly provides the juvenile court with jurisdiction to "hear and determine" "requests for court approval of permanent custody agreements" under R.C. 5103.15.

{¶32} Looking to the plain language of R.C. 2151.23(A)(9) and 5103.15(B)(2), this court held in *T.J.B.* that "the juvenile court's administrative function of journalizing the permanent surrender under R.C. 5103.15(B)(2) [does] not invoke the jurisdiction [under R.C. 2151.23(A)(9)] to approve or disapprove the grant of permanent custody to" the private adoption agency. *T.J.B.*, 2014-Ohio-2028, at ¶ 14

(1st Dist.). Consequently, this court held that "any arguments [birth] mother may have relating to the validity of her permanent surrender, which would have consequences for any subsequent adoption proceeding, would not lie within the juvenile court's jurisdiction." *Id.*

{¶33} Here, like in *T.J.B.*, the actual legal issue in question was the validity of petitioner's permanent surrender of S.B. under R.C. 5103.15(B)(2). Because the juvenile court lacked jurisdiction under R.C. 2151.23(A)(9) to consider this issue, we cannot say that the juvenile court erred in determining that it lacked jurisdiction over the action, particularly where the record shows that petitioner was already litigating the validity of her permanent surrender in the Greene County court where a final decree of adoption was ultimately issued. Therefore, we overrule the assignment of error and affirm the judgment of the juvenile court.

## IV. Conclusion

{¶34} For the foregoing reasons, we overrule the assignment of error and affirm the judgment of the juvenile court.

Judgment affirmed.

**BERGERON** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.