[Cite as *State v. Patterson*, 2016-Ohio-839.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26723 |
| | : | |
| v. | : | T.C. NO. 10CR812/1 |
| | : | |
| TROY PATTERSON | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the _____4th_____ day of _____March_____, 2016.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty, Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

TROY PATTERSON, #695-830, London Correctional Institute, P. O. Box 69, London, Ohio 43140
     Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, P.J.

     **{¶ 1}** Defendant-appellant, Troy Patterson is appealing, pro se, the decision of the

Montgomery County Court of Common Pleas, Criminal Division, overruling his motion for

a new trial.

{¶ 2} Patterson was indicted on August 11, 2011 on two counts of aggravated burglary, in violation of R.C. 2911.11 (A) (2), five counts of aggravated robbery, in violation of R.C. 2911.01 (A) (1), five counts of kidnapping, in violation of 2905.01 (A) (2), and five counts of felonious assault, in violation of 2903.11 (A) (2). On August 20, 2013 Patterson entered a guilty plea on one count of aggravated burglary and one count of aggravated robbery. Prior to being sentenced, Patterson filed a pro-se motion to withdraw his guilty plea. The Montgomery County Court of Common Pleas appointed Patterson new legal counsel and held an evidentiary hearing on the withdrawal motion. This motion was subsequently overruled. Patterson was subsequently sentenced to two concurrent eight year prison terms. Patterson appealed this sentence, but this Court affirmed the convictions. *See State v. Patterson*, 2d Dist. Montgomery No. 26015, 2014-Ohio-4962.

{¶ 3} On March 24, 2015, Patterson simultaneously filed a motion for leave to file for a new trial and a motion for a new trial pursuant to Crim. R. 33(B). As a basis for these motions, Patterson asserted newly discovered evidence in the form of a letter from co-defendant, Jamie Harris. The letter taunts Patterson and admits to fabricating his (Harris's) testimony to the grand jury. Patterson further supports his motions with an affidavit from Shawne McLean. Said affidavit claims that Harris told McLean that he did not know Patterson and that Patterson was not involved in the crime. This affidavit further states that Patterson was implicated in an effort to manipulate jail time. Patterson's motions were overruled on May 14, 2015 by the Montgomery County Court of Common Pleas. Patterson filed a timely appeal on June 9, 2015.

{¶ 4} It is from this judgment that Patterson now appeals.

{¶ 5} Patterson's sole assignment of error is as follows:

{¶ 6} "TRIAL COURT ERRED IN THE DENIAL OF APPELLANTS CRIM. R. 33 (sic) MOTION BY FAILING TO HOLD A (sic) EVIDENTARY HEARING, BASED ON NEWLY DISCOVERED EVIDENCE"

{¶ 7} In his sole assignment of error, Patterson argues the trial court erred by overruling his motion for a new trial based upon newly discovered evidence. In support of his motion for new trial, Patterson provided the Court with a letter from Harris that, in essence, stated he lied to the grand jury when he implicated Patterson. In addition, Patterson supports his motion for new trial with an affidavit from Shawn McLean that states Harris told him Patterson was not involved and was merely implicated to manipulate jail time.

{¶ 8} As we stated in *State v. Franklin*, 2d Dist. Greene No. 2002-CA-7, 2003-Ohio-3831:

> The granting of a motion for a new trial is within the sound discretion of the
>
> trial court, and an appellate court cannot reverse the trial court's order
>
> unless there has been an abuse of discretion.

*Id.* at ¶ 8, citing *State v. Shepard*, 13 Ohio App.3d 117, 468 N.E.2d 380 (2d Dist. 1983).

{¶ 9} We further note, Patterson's convictions stemmed from his own guilty plea in lieu of trial, which have been affirmed on appeal.

{¶ 10} This Court presumes:

> "Pleas of guilty that are knowingly, voluntarily, and intelligently entered
>
> waive the defendant's right to trial on the criminal charge or charges

involved. It necessarily follows, therefore, that '[a] plea of guilty in a criminal case precludes the defendant from thereafter making a motion for a new trial.'"

*State v. Franklin*, 2d Dist. Greene No. 2002-CA-7, 2003-Ohio-3831, ¶ 10, quoting *State v. Burke*, 2d Dist. Montgomery No. 17955, 2001 WL 227350, *1 (Mar. 9 2001), quoting *State v. Frohner*, 150 Ohio St. 53, 80 N.E.2d 868 (1948), paragraph thirteen of the syllabus.

{¶ 11} Thus, Patterson's guilty pleas preclude his right to file a motion for new trial pursuant to Crim.R. 33. Accordingly, the trial court did not abuse its discretion in overruling defendant's motion for new trial.

{¶ 12} The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Troy Patterson
Hon. Mary Katherine Huffman