[Cite as *State v. Patterson*, 2018-Ohio-872.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27423 |
| | : | |
| v. | : | Trial Court Case No. 2010-CR-812/1 |
| | : | |
| TROY PATTERSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

TROY PATTERSON, Inmate No. 695-830, Warren Correctional Institution, P.O. Box 120, Lebanon, Ohio 45036
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Troy Patterson, appeals pro se from the trial court's decision of January 5, 2017, in which the court overruled his motion to withdraw his guilty pleas pursuant to Crim. R. 32.1. Patterson argues that the court should have sustained his motion because he entered into the underlying plea agreement entirely as the result of the deficient advice of his defense counsel. Finding that Patterson's assignment of error has no merit, we affirm.

## I. Facts and Procedural History

{¶ 2} A Montgomery County grand jury issued an indictment against Patterson on August 11, 2011, charging him with two counts of aggravated burglary; five counts of aggravated robbery; five counts of felonious assault; and five counts of kidnapping, with firearm specifications attached to all 17 counts. On August 20, 2013, Patterson pleaded guilty to one count of aggravated burglary and one count of aggravated robbery. The court sentenced him to a term of eight years' imprisonment for each of the offenses, to be served concurrently.

{¶ 3} Patterson mailed the trial court a motion to withdraw his pleas on September 18, 2013, which the court caused to be docketed on September 23, 2013. Decision, Order & Entry Overruling Def.'s Mot. to Withdraw Plea 1, Nov. 18, 2013. Prompted by its receipt of Patterson's motion, the court entered an order on September 20, 2013, appointing substitute defense counsel.

{¶ 4} In his motion, Patterson accused his original defense counsel of completely neglecting his case and of deceiving him into pleading guilty by promising that he would have to serve no more than three years in prison. *See* Def.'s Mot. to Withdraw Plea 2-

3, Sept. 23, 2013. On October 8, 2013, Patterson's substitute counsel filed another motion to withdraw, presenting essentially the same arguments in more diplomatic language. Def.'s Second Mot. to Withdraw Plea 2, Oct. 8, 2013. The trial court overruled both of the motions. *See* Decision, Order & Entry Overruling Def.'s Mot. to Withdraw Plea 1 and 17.

{¶ 5} Patterson timely initiated a direct appeal, Case No. CA 26015, by filing a notice of appeal on December 3, 2013.[1] Relying on our decision in *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, Patterson argued that the trial court should have permitted him to withdraw his pleas; in the alternative, he argued that the ineffective assistance of his original defense counsel rendered his pleas unknowing and involuntary. *State v. Patterson*, 2d Dist. Montgomery No. 26015, 2014-Ohio-4962, ¶ 5-10 and 18. We affirmed the trial court. *Id.* at ¶ 22.

{¶ 6} On March 24, 2015, Patterson moved for a new trial under Crim.R. 33, citing his discovery of new evidence. The trial court overruled the motion in its decision of May 14, 2015, and Patterson timely filed a notice of appeal on June 9, 2015.[2] In a single assignment of error, Patterson argued that the trial court abused its discretion by overruling his motion without holding an evidentiary hearing. Brief of Appellant at 1, *State v. Patterson*, 2d Dist. Montgomery No. 26723, 2016-Ohio-839. We held that his "guilty pleas preclude[d] his right to [move] for [a] new trial" and affirmed the trial court's decision. *State v. Patterson*, 2d Dist. Montgomery No. 26723, 2016-Ohio-839, ¶ 11-12.

---

[1] The trial court filed its termination entry on November 19, 2013.

[2] Patterson filed a duplicate notice of appeal on the same date, initiating Case No. 26724. Effective July 10, 2015, we dismissed the appeal on the State's motion, which Patterson did not oppose.

{¶ 7} Patterson filed another motion to withdraw his pleas on March 30, 2016, relying on the new evidence that he had cited in his motion for a new trial. The trial court dismissed the motion on jurisdictional grounds, finding that it lacked jurisdiction because this court had "already affirmed [Patterson]'s conviction." Decision, Order & Entry Dismissing Def.'s Mot. to Withdraw Plea 9, Jan. 5, 2017. Additionally, the court indicated that if it had jurisdiction, then it would have overruled the motion because Patterson failed to authenticate the new evidence; because the new evidence itself was improper; and because the evidence existed "several months before [Patterson] entered his guilty plea[s]," meaning that he failed to "exercise[] due diligence in discovering [the] evidence" before electing to plead guilty. *Id.* at 10. Patterson's instant appeal timely followed on January 23, 2017.

## II. Analysis

{¶ 8} For his sole assignment of error, Patterson contends that:

THE COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S AS [sic] A RESULT OF COUNSEL'S INEFFECTIVENESS TO INVESTIGATE THE PLEA BARGAIN[.]

{¶ 9} In the first of his two opening briefs, Patterson argues that he should be permitted to withdraw his pleas because his original defense counsel improperly failed to inform him of a plea agreement proposed by the State that would have been more favorable than the agreement into which he actually entered. *See* Appellant's Br. 4-5, 8, 10-12 and 15. In the second of his two opening briefs, Patterson adds that he also should be permitted to withdraw his pleas because his original defense counsel "was

wholly ineffective for fail[ing] to investigate the entirety of the case in chief."[3]   *See* Appellant's Supplemental Br. 4.   Neither of these arguments has merit.

{¶ 10} Patterson has already brought a direct appeal from his convictions in Case No. CA 26015.   *State v. Patterson*, 2d Dist. Montgomery No. 26015, 2014-Ohio-4962, ¶ 1.   In that case, Patterson advanced two assignments of error, contending that: (1) "the trial court erred in denying his pre-sentence motion to withdraw [his] guilty plea[s]"; and (2) "ineffective assistance of counsel rendered [his] plea[s] unknowing, unintelligent, and involuntary."   *Id.* at ¶ 2.   Consequently, we concur with the trial court's determination that it lacked jurisdiction to entertain Patterson's March 30, 2016, motion to withdraw plea.   Decision, Order & Entry Overruling Def.'s Mot. to Withdraw Plea 9.

{¶ 11} In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978), the Ohio Supreme Court held as follows with respect to motions under Crim.R. 32.1:

> [A] trial court * * * retain[s] jurisdiction [only] over issues not inconsistent with that of [an] appellate court to review, affirm, modify, or reverse [an] appealed judgment, such as * * * collateral issues like contempt, appointment of a receiver and injunction.   However, [when a] trial court's [decision] granting [a] motion to withdraw [a] guilty plea * * * [is] inconsistent with [a] judgment of [an appellate court] affirming the * * * conviction premised upon the guilty plea, [t]he judgment of the [appellate]

---

[3] On July 10, 2017, Patterson submitted a "supplemental brief" without seeking leave. Although the Rules of Appellate Procedure do not address the propriety of such a filing, the State addressed Patterson's additional arguments and did not move to have the brief stricken.

court is controlling upon the [trial] court as to all matters within the compass of the [appellate court's] judgment.

The Court held further that "Crim.R. 32.1 does not vest jurisdiction in [a] trial court to maintain and determine a motion to withdraw [a] guilty plea subsequent to an appeal and an affirmance by the appellate court." *Id.* Thus, the trial court found correctly that it lacked jurisdiction to entertain Patterson's motion of March 30, 2016, given that this court has already affirmed Patterson's convictions. *Patterson*, 2014-Ohio-4962, ¶ 1-2 and 22; Decision, Order & Entry Overruling Def.'s Mot. to Withdraw Plea 9. Patterson's assignment of error is overruled.

### III. Conclusion

{¶ 12} Patterson's assignment of error lacks merit. Therefore, the trial court's decision of January 5, 2017, is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Troy Patterson
Hon. Mary Katherine Huffman