[Cite as *State v. Ramey*, 2019-Ohio-398.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-99 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-776 |
| | : | |
| SHANE R. RAMEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of February, 2019.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 N. Pioneer Boulevard, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Shane R. Ramey appeals the Clark County Common Pleas Court's denial of his post-conviction motion to withdraw his guilty pleas to one count of trafficking in cocaine and one count of having weapons while under disability. The judgment of the trial court will be affirmed.

### *Factual Background and Procedural History*

{¶ 2} On November 12, 2013, a Clark County grand jury indicted Ramey on five counts: Count One, trafficking in cocaine, with a firearm specification; Count Two, possession of cocaine, with a firearm specification; Count Three, trafficking in marijuana,[1] with a firearm specification; Count Four, having weapons while under disability;[2] and Count Five, aggravated possession of drugs, with a firearm specification. Forfeiture specifications also attached to each count. Ramey appeared with counsel and entered a plea of not guilty to all counts.

{¶ 3} On January 15, 2014, Ramey moved to suppress all evidence seized during a search of his residence, as well as any statements he made incident to what he characterized as his "illegal arrest." Following an evidentiary hearing held on January 24, 2014, the trial court denied that initial motion to suppress.

{¶ 4} On February 3, 2014, Ramey filed a supplemental motion to suppress, arguing that the warrant underlying the search of his residence was invalid and that all "fruits" of that warrant should be suppressed. On February 4, 2014, the trial court denied

---

[1] Spelled in the indictment as "mari**h**uana." (Emphasis added.)

[2] The indictment states that Ramey had prior convictions for aggravated robbery and felonious assault.

Ramey's supplemental motion to suppress; the court's entry stated in its entirety as follows:

> The matter is before the Court on the motion of the Defendant to suppress evidence seized as a result of a search conducted pursuant to a search warrant. Following the denial of the defendant's supplemental request for a *Franks*[3] hearing, the parties submitted the motion to the Court on the affidavit and search warrant filed on November 1, 2013. (Joint Exhibit A) Upon review of the affidavit and warrant, the Court finds that the issuing judge had sufficient evidence to grant the warrant and that the terms of the warrant are consistent with the information provided to the judge. The Court having reviewed the evidence presented and the written arguments of counsel finds the motion is not [ ] well taken and the same is OVERRULED.

(Emphasis sic.) (Trial Court Docket ("Doc.") #22).[4]

{¶ 5} On March 5, 2014, Ramey entered pleas of guilty to the Count One offense of trafficking in cocaine in violation of R.C. 2925.03(A)(2), a second-degree felony, and the Count Four offense of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony, with the firearm specification to Count One and all remaining counts to be dismissed. The trial court advised Ramey, both orally during the

---

[3] Presumably a reference to *Franks v. Delaware*, 438 U.S. 154, 99 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

[4] It is unclear from the record whether or not the trial court held a hearing on Ramey's supplemental motion to suppress before denying that motion. Although the record suggests that a transcript of such a hearing is missing (*see* 6/19/18 Affidavit of Judith L. Pierce, Official Court Reporter), there is no indication in the trial court's decision on that motion or elsewhere in the record that such a hearing actually occurred.

plea hearing and in writing in the plea entry, that the maximum penalties for Counts One and Four were eight years and three years of imprisonment, respectively. During Ramey's April 17, 2014 sentencing hearing, the trial court sentenced Ramey to a prison term of six years on Count One and three years on Count Four, to be served consecutively. The court also ordered the forfeiture of certain items of property.

**{¶ 6}** On May 9, 2014, Ramey's trial counsel filed a notice of appeal from Ramey's conviction and sentence. Appellate counsel appointed for purposes of that appeal filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he had identified no appellate issues with arguable merit. We thereafter granted Ramey 60 days – plus an extension that he requested – to file a pro se brief. No pro se brief was filed. We therefore conducted an independent review, found no issues with arguable merit, and affirmed the trial court's judgment. *State v. Ramey*, 2d Dist. Clark No. 2014-CA-62, 2015-Ohio-1399.

**{¶ 7}** On March 30, 2016, Ramey moved pro se in the trial court to withdraw his guilty pleas pursuant to Crim.R. 32.1, asserting that his pleas "were not entered into knowingly and intelligently because he was deprived of the effective assistance of counsel during the plea process." (Doc. #34, p. 1). In his supporting memorandum, Ramey argued that his trial counsel performed deficiently by failing to advise Ramey that he had a viable defense based on the fact that the search warrant on Ramey's residence was not executed until four days after it was issued. Ramey premised that argument on Crim.R. 41(C)(2), which provides that an officer is to search the specified property "within three days" after a search warrant is issued.

**{¶ 8}** The State opposed Ramey's motion, acknowledging that the warrant to

search Ramey's residence "was issued on November 1, 2013 and executed on November 5, 2013," but observing that "November 1, 2013 was a Friday," and that in accordance with Crim.R. 45(A), Saturdays and Sundays are to be excluded when computing the three-day period prescribed for executing search warrants. In reply, without disputing the facts as set out by the State, Ramey "move[d] for summary judgment in lieu of an evidentiary hearing," urging that the search warrant that led to his arrest was invalid as a matter of law.

{¶ 9} On October 25, 2017, without first holding a hearing, the trial court denied Ramey's motion to withdraw his plea, finding that "[t]he time to execute the search warrant had not lapsed" and that the basis for Ramey's ineffective assistance of counsel claim therefore lacked merit. (Doc. #40).

{¶ 10} Ramey appeals that judgment, setting forth this single assignment of error: "The trial court erred by in overruling [Ramey]'s motion to withdraw guilty pleas without a hearing."

### Standard of Review

{¶ 11} Pursuant to Crim.R. 32.1, after a defendant has been sentenced, a court may permit him or her to withdraw a guilty plea "only to correct a manifest injustice." *See State v. Harden*, 2d Dist. Montgomery No. 24603, 2012-Ohio-1657, ¶ 13. Crim.R. 32.1 "does not address the circumstances under which the trial court is required to hold an evidentiary hearing on the motion." *State v. Humphrey*, 2d Dist. Montgomery No. 19243, 2002-Ohio-6525, ¶ 12. However, we have determined that "an evidentiary hearing is not required on every post-sentence motion to withdraw a plea." *Harden* at ¶ 14, quoting *State v. Stewart,* 2d Dist. Greene No. 2003-CA-28, 2004-Ohio-3574, ¶ 6. "A hearing is required

only if the facts alleged by the defendant, if accepted as true, would require [that] the plea be withdrawn." *State v. Minker*, 2d Dist. Champaign No. 2009 CA 16, 2009-Ohio-5625, ¶ 18, quoting *State v. McComb*, 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 19.

{¶ 12} We review a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion, which means "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Harris*. 2d Dist. Montgomery No. 19013, 2002-Ohio-2278, ¶ 1, quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

### *Preliminary Issue – Jurisdiction of Trial Court*

{¶ 13} As a preliminary matter, we must examine whether the trial court had jurisdiction to consider Ramey's motion to withdraw his guilty pleas. "A defect in subject-matter jurisdiction cannot be waived or forfeited and may, therefore, be raised at any time." *NVR, Inc. v. Centerville*, 2016-Ohio-6960, 71 N.E.3d 745, ¶ 21 (2d Dist.), quoting *Engelhart v. Hamilton Cty. Bd. of Commrs.*, 2016-Ohio-4935, 69 N.E.3d 137, ¶ 6 (1st Dist.). Although the State did not raise a challenge to the trial court's jurisdiction while before that court, we nonetheless may consider whether the trial court lacked jurisdiction to grant the relief requested in Ramey's motion to withdraw his pleas. *Id.* at ¶ 20.

{¶ 14} In this matter, Ramey pled guilty on March 5, 2014, we affirmed the judgment on April 10, 2015, and Ramey filed his Crim.R. 32.1 motion to withdraw on March 20, 2016. According to the Ohio Supreme Court, Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55

Ohio St. 2d 94, 98, 378 N.E.2d 162 (1978). More precisely, "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *Id.* at 97.[5]

{¶ 15} We have applied *Special Prosecutors* in likewise determining that, once this court has affirmed a defendant's conviction, "the lower court no longer has jurisdiction to reconsider matters dealing with that conviction, such as whether the plea should be vacated." *State v. Becraft*, 2017-Ohio-1464, 89 N.E.3d 183, ¶ 51 (2d Dist.), quoting *State v. Smith*, 7th Dist. Mahoning No. 14 MA 65, 2015-Ohio-4809, ¶ 5. *Accord State v. Patterson*, 2d Dist. Montgomery No. 27423, 2018-Ohio-872, ¶ 11 ("the trial court found correctly that it lacked jurisdiction to entertain [defendant's post-appeal motion to withdraw guilty pleas], given that this court has already affirmed [defendant]'s convictions"); *State v. Byrd*, 2d Dist. Montgomery No. 25591, 2013-Ohio-3751, ¶ 11 (where defendant sought to withdraw guilty plea based on alleged ineffective assistance of counsel, "the trial court lacked jurisdiction to consider appellant's motion to withdraw

---

[5] The Ohio Supreme Court since has made clear that its decision in *Special Prosecutors* "does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure." *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37. Specifically, the court in *Davis* found that even after a defendant's conviction has been affirmed, the trial court retains jurisdiction to consider that defendant's post-appeal motion for a new trial pursuant to Crim.R. 33 based on newly discovered evidence that the defendant was "unavoidably prevented" from discovering. *Id.* at ¶ 40. Although the basis for Ramey's purported ineffective assistance of counsel claim was apparent on the trial court record, we express no opinion as to whether a trial court retains jurisdiction to entertain a post-affirmance motion to withdraw a guilty plea when the defendant was unavoidably prevented from discovering the basis for such motion. *But see, e.g.*, *State v. West*, 2017-Ohio-5596, 93 N.E.3d 1221, ¶ 20 (1st Dist) (where First District Court of Appeals held "that an appeals court's decision affirming a judgment of conviction does not deprive a lower court of jurisdiction to entertain a Crim.R. 32.1 motion to withdraw a guilty plea, when the issue presented by the motion could not have been raised on direct appeal").

his guilty plea, * * * filed * * * approximately three and one-half years after we affirmed his conviction and sentence").

{¶ 16} While the trial court denied Ramey's motion based not on that court's lack of jurisdiction, but rather on its findings as to the merits of that motion, "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." *State v. Blair*, 2018-Ohio-4041, ___ N.E.3d ___ (2d Dist.), quoting *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 92, 637 N.E.2d 306 (1994). Because the trial court appropriately denied Ramey's motion to withdraw his guilty pleas, Ramey's assignment of error based on that court's failure to first hold a hearing is overruled.

### Merits of Ramey's Motion to Withdraw Guilty Pleas

{¶ 17} Although our foregoing conclusion regarding the trial court's lack of jurisdiction obviates the need for further analysis, we nonetheless observe that the trial court did not err in concluding that Ramey's motion to withdraw his guilty pleas lacks substantive merit. The undisputed facts establish that the search warrant was executed within the time permitted by Crim.R. 41(C)(2), as read in conjunction with Crim.R. 45(A). The parties agree that the search warrant on Ramey's residence was issued on November 1, 2013.[6] It is undisputed that November 1, 2013 fell on a Friday. It also is undisputed that the search based on that warrant occurred on November 5, 2013,[7] which

---

[6] A copy of the subject warrant, dated November 1, 2013, appears in the record as an attachment to Ramey's motion to withdraw his guilty pleas. (*See* Doc. #34).

[7] Ramey's appellate brief states that the warrant was "executed on November 6, 2013" (*see* Brief of Appellant, p. 6), but that unsubstantiated suggestion is contrary to all other references in the record, which uniformly identify November **5** as the date the search warrant was executed. (*See*, e.g., Doc. #34, Ramey's Motion to Withdraw Guilty Pleas,

was a Tuesday.

**{¶ 18}** In accordance with Crim.R. 45(A), "[w]hen the period of time prescribed or allowed [for completing some action under the Rules of Criminal Procedure] is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation." Under Crim.R. 41(C)(2), the location named in a search warrant is to be searched "within three days." We previously have confirmed that because that period is less than seven days, the provisions of Crim.R. 45(A) are triggered. *See State v. Talley*, 2d Dist. Montgomery No. 24765, 2012-Ohio-4183, ¶ 11 ("Crim.R. 45(A) applies to computing time for the execution of warrants"). Accordingly, Saturday, November 2, 2013 and Sunday, November 3, 2013 were to be excluded in computing the three days permitted for executing the warrant, and the warrant executed on Tuesday, November 5, 2013, was executed within the applicable three-day window.[8] Ramey's trial counsel did not perform deficiently by allegedly failing to advise Ramey of a facially-meritless defense, and the trial court was not required to holding a hearing where the undisputed facts established that no legal basis existed for Ramey's claim of ineffective assistance of counsel.

**{¶ 19}** Despite the foregoing analysis, Ramey contends that the trial court erred by "rel[ying] on findings regarding the search warrant that are not part of the record." Specifically, he suggests that the trial court's denial of Ramey's motion to withdraw his guilty pleas was based in part on evidence presented during a February 4, 2014 hearing

---

p. 4; Doc. #13, Bill of Particulars; Doc. #17, Ramey's original Motion to Suppress, p. 3).

[8] In fact, even if the warrant *had* been served on November 6, as Ramey's appellate brief suggests (see fn.7, above), the search still would have been timely.

on his supplemental motion to suppress, the transcript of which was omitted from the current record.[9]

{¶ 20} Ramey's argument to that effect does not dissuade us from our prior conclusion, for three reasons. First, contrary to Ramey's suggestion, nothing in the trial court's decision denying Ramey's motion to withdraw his plea indicates that the court relied on information presented at a February 4, 2014 hearing in reaching that decision. (*See* Doc. #40). Second, nowhere does the record establish that an evidentiary hearing as to the supplemental motion to suppress actually occurred.[10] To the contrary, the trial court's decision denying that supplemental motion to suppress states that the court "deni[ed] * * * [Ramey's] * * * request for a *Franks* hearing" and "the parties submitted the motion to the Court on the affidavit and warrant filed on November 1, 2013." (Doc. #22). It appears that the purportedly "missing" transcript may relate to a non-existent hearing. Third, even assuming that a hearing did occur, the dates that the warrant was issued and executed were not in dispute. We are able to discern the pertinent dates not only from the trial court's decision, but from Ramey's own filings as well as the complete record.[11] The absence of a February 4, 2014 hearing transcript is inconsequential to our conclusion.

{¶ 21} Finally, although Ramey's argument on this appeal hinges entirely on the trial court's failure to afford Ramey a hearing before denying his motion to withdraw his guilty pleas, Ramey's reply memorandum in support of that motion stated that Ramey

---

[9] The record indicates that a "visiting" court reporter was assigned to cover the February 4, 2014 suppression hearing but failed to produce a transcript, despite multiple requests. (*See* 6/19/18 Affidavit of Judith L. Pierce, Official Court Reporter).

[10] *See* fn.4, above.

[11] *See* fn. 6, above.

was "mov[ing] for summary judgment *in lieu of an evidentiary hearing*," because "no genuine issue of fact remain[s]." (Emphasis added.) (Doc. #37, p. 1). Having affirmatively waived a hearing on that motion, Ramey cannot now fault the trial court for failing to afford him such a hearing.

{¶ 22} The trial court did not err by failing to hold a hearing before denying Ramey's post-conviction motion to withdraw his guilty pleas, and Ramey's sole assignment of error is overruled.

### *Conclusion*

{¶ 23} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Andrew P. Pickering
Marshall G. Lachman
Hon. Richard J. O'Neill