[Cite as *State v. Dixon*, 2019-Ohio-1385.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO                :

                              :

      Plaintiff-Appellee         :    Appellate Case No. 2017-CA-80

                              :

v.                             :    Trial Court Case No. 2015-CR-241

                              :

BRANDON R. DIXON        :    (Criminal Appeal from

                              :     Common Pleas Court)

      Defendant-Appellant    :

                              :

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of April, 2019.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JOHN A. FISCHER, Atty. Reg. No. 0068346, 70 Birch Alley, Suite 240, Dayton, Ohio 45440
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Brandon R. Dixon appeals from the trial court's denial of a post-sentence motion to withdraw his guilty plea to charges of felonious assault and felony operating a motor vehicle while under the influence (OVI).

{¶ 2} In his sole assignment of error, Dixon challenges the trial court's denial of his motion. He contends that he demonstrated a manifest injustice warranting withdrawal of his plea and that res judicata did not preclude him from raising his arguments.

{¶ 3} The facts and history of Dixon's case are summarized in our May 2016 opinion disposing of his direct appeal from his conviction:

* * * Dixon originally was charged by indictment with aggravated vehicular assault, felony OVI, and failure to comply with an order or signal of a police officer. The charges stemmed from his act of fleeing from a traffic stop and driving a Corvette approximately 100 miles per hour through a residential area at 2:00 a.m. After running red lights and jumping railroad tracks, he eventually lost control and struck a tree. His passenger, Madison Burkitt, was ejected from the vehicle and nearly died. She suffered 47 broken bones and was in a coma for 33 days. At the time of the accident, Dixon was intoxicated and was driving with three prior OVI convictions and with 15 open driver's license suspensions. Following his indictment, he pled guilty to a bill of information charging him with felonious assault and fourth-degree felony OVI. The trial court sentenced him to statutory-maximum terms of eight years for felonious assault and 30 months for OVI. It ordered

the terms to be served consecutively.

*State v. Dixon*, 2d Dist. Clark No. 015-CA-67, 2016-Ohio-2882, ¶ 3.

{¶ 4} In his direct appeal, Dixon challenged the trial court's imposition of maximum, consecutive sentences. We affirmed. *Id.* at ¶ 4-16. After we rejected his sentencing challenge, Dixon filed a pro se February 2017 motion to withdraw his guilty plea. (Doc. #13). As grounds for the motion, Dixon claimed his attorney never told him that the original charges of aggravated vehicular assault and felony OVI would have merged as allied offenses. Dixon argued that this omission constituted ineffective assistance and tainted his plea to the bill of information charging him instead with felonious assault and felony OVI, on which the trial court imposed consecutive sentences. Therefore, he asserted that a manifest injustice existed warranting withdrawal of his guilty plea.

{¶ 5} The trial court overruled Dixon's motion in an August 2, 2017 entry. (Doc. #16). It reasoned:

> The defendant's motion must be denied on two grounds. First, the defendant is incorrect in stating that the convictions for Aggravated Vehicular Assault and OVI would have to merge for the purpose of imposing a sentence. The Supreme Court of Ohio has decided that Aggravated Vehicular Assault and OVI do not have to merge. *See State v. Earley*, 145 Ohio St.3d 281 (Ohio 2015). Therefore, the defendant's attorney did not incorrectly advise him regarding the potential penalties.
>
> Second, this case has been appealed to the Second District Court of Appeals, 15-CA-0067. In that appeal, the defendant raised two issues: 1) whether the trial court was required to state it had considered the proper

sentencing statutes when imposing the sentence and 2) whether the trial court erred in failing to consider mitigating factors. The decision of the trial court was affirmed. The defendant did not raise the issue of ineffective assistance of counsel during his appeal nor the issue of failure to merge the offenses for the purpose of sentencing even though the issues could have been raised at that time. Therefore, this motion is barred by res judicata.

Therefore, after reviewing the record of this case and the written arguments, the Court finds the motion not to be well taken and the same is DENIED.

(*Id.* at 2-3).

**{¶ 6}** On appeal, Dixon contends res judicata does not apply to the arguments raised in his plea-withdrawal motion. He also asserts that ineffective assistance of counsel properly may be raised in a post-sentence plea-withdrawal motion. He reiterates his argument about a manifest injustice resulting from his attorney's failure to advise him that two of the original charges against him—aggravated vehicular assault and felony OVI—would have merged as allied offenses. Dixon asserts that prejudice exists because he received a longer aggregate sentence by pleading guilty to felonious assault and felony OVI in a bill of information than he would have if he had rejected the plea deal and proceeded on the indicted charges.

**{¶ 7}** Upon review, we find Dixon's assignment of error to be unpersuasive. This court has held that, strictly speaking, res judicata does not apply to a plea-withdrawal motion. *State v. Cochran*, 2d Dist. Clark No. 2006 CA 87, 2007-Ohio-4545, ¶ 17. Res judicata applies in "subsequent actions," whereas a plea-withdrawal motion does not

involve a subsequent action. Rather, it is filed "in the same criminal proceeding as the criminal conviction[.]" *Id.*[1]

{¶ 8} As a practical matter, however, the foregoing distinction is largely academic in the context of a post-sentence plea-withdrawal motion because our jurisprudence achieves the same result. In *State v. Minkner*, 2d Dist. Champaign No. 2009 CA 16, 2009-Ohio-5625, we noted that a defendant who seeks to withdraw his plea after sentencing must establish a "manifest injustice." *Id.* at ¶ 25. We also recognized that a manifest injustice cannot be established where a defendant could have sought redress "through another form of application," including a direct appeal. *Id.* at ¶ 25-32. Thus, much like res judicata, the manifest-injustice standard precludes relief under Crim.R. 32.1 when an issue could have been raised on direct appeal.

{¶ 9} In the present case, Dixon contends his attorney failed to tell him that two of the original charges against him—aggravated vehicular assault and felony OVI—would have merged as allied offenses. Dixon suggests that if he had known this, he would not have entered a guilty plea to a bill of information charging him with felonious assault and felony OVI, which were not merged at sentencing. Having reviewed the record, it does not appear to us that Dixon could have raised this argument on direct appeal. Nothing in the trial court record reflects what, if anything, counsel told him about the originally indicted charges being allied offenses. Because the record below fails to portray the error

---

[1] The author questions the accuracy of the *Cochran* decision. At least seven other districts have held that res judicata does apply to a Crim.R. 32.1 motion. *State v. Coley-Carr*, 8th Dist. Cuyahoga No. 11101611, 2014-Ohio-5556, ¶ 11 *citing State v. Bryukhanova*, 6th Dist. Fulton No. F-10-002, 2010-Ohio-5504, ¶ 12, which in turn cites cases from six other districts that apply res judicata to post-judgment Crim.R. 32.1 motions to withdraw a plea.

Dixon alleges, a direct appeal would not have been an effective way to raise the issue.

{¶ 10} Even though Dixon could not have raised his argument on direct appeal, another obstacle precludes relief under Crim.R. 32.1. This court repeatedly has held "that matters outside the record that allegedly corrupted the defendant's choice to enter a guilty or no contest plea so as to render that plea less than knowing and voluntary, such as ineffective assistance provided by a defendant's trial counsel, are proper grounds for post-conviction relief pursuant to R.C. 2953.21 and that the availability of that relief removes defendant's claims from the type of extraordinary circumstances that demonstrate a manifest injustice, which is required for Crim.R. 32.1 relief." *State v. Nawman*, 2d Dist. Clark No. 2016-CA-43, 2017-Ohio-7344, ¶ 15, citing *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (May 10, 2002) and *State v. Moore*, 2d Dist. Montgomery No. 24378, 2011-Ohio-4546, ¶ 13-15; *see also State v. Graham*, 2d Dist. Montgomery No. 27033, 2017-Ohio-4093, ¶ 22.

{¶ 11} In *Nawman*, the defendant argued that withdrawal of his guilty plea was required because his attorney had failed to give him certain information about a purported plea offer. The trial court overruled his post-sentence plea-withdrawal motion, and we affirmed. After noting that the defendant had produced no evidence to support his claim other than his own "bare assertion," we held that relief under Crim.R. 32.1 was unavailable because a petition for post-conviction relief was the proper remedy. *Nawman* at ¶ 14-15. In *Moore*, we addressed alleged representations counsel made to the defendant with regard to a suppression motion and his guilty plea. We reasoned that those matters involved things outside the record, that they could have been the subject of a petition for post-conviction relief, and that the availability of relief under R.C. 2953.21 prevented the

matters from qualifying as an "extraordinary circumstance" demonstrating a "manifest injustice" under Crim.R. 32.1. *Moore* at ¶ 13-15. In *Graham*, the defendant sought to withdraw a no-contest plea based on an allegation that his attorney had advised him not to accept a more favorable plea deal. The defendant alleged that this advice constituted ineffective assistance of counsel and rendered his plea not knowing, intelligent, and voluntary. *Graham* at ¶ 15. We rejected his argument and affirmed the denial of his motion, reasoning in part:

> In the instant case, Graham argues that he should be able to withdraw his no contest pleas because his trial counsel was ineffective for failing to investigate a previously offered plea deal. Graham alleges that the State offered him the same plea deal as one of his co-defendants who was sentenced to four years in prison. Graham further alleges that his trial counsel advised him not to accept the plea because the main witnesses were known prostitutes, and he would therefore win at trial. Other than his bare assertion, however, Graham has produced no evidence that such an offer was ever made by the State, not even a self-serving affidavit, to substantiate his claim that counsel failed in that regard.

> Moreover, Graham's allegations regarding his trial counsel's advice to reject the plea deal in favor of going to trial rely on matters outside the record. This court has held that matters outside the record that allegedly corrupted the defendant's choice to enter a guilty or no contest plea so as to render that plea less than knowing and voluntary, such as ineffective assistance provided by a defendant's trial counsel, are proper grounds for

post-conviction relief pursuant to R.C. 2953.21 and that the availability of that relief removes defendant's claims from the type of extraordinary circumstances that demonstrate a manifest injustice, which is required for Crim.R. 32.1 relief.

(Citations omitted). *Id.* at ¶ 21-22.

{¶ 12} As in the foregoing cases, Dixon's argument raises a matter outside the record—namely an allegation that his attorney failed to tell him the original charges of aggravated vehicular assault and felony OVI would have merged for sentencing. As in the foregoing cases, Dixon alleges that this omission constituted ineffective assistance and rendered his guilty plea less than knowing, intelligent, and voluntary. As in the foregoing cases, Dixon's motion lacked any evidentiary support (not even his own affidavit). Finally, as in the foregoing cases, Dixon's claim could have been raised in a statutory petition for post-conviction relief. Therefore, he cannot establish the requisite "manifest injustice" under Crim.R. 32.1. *Hartzell* at *2 (observing that "[a] 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her").

{¶ 13} Our analysis would not be complete without comment on Dixon's reply brief. There he argues that the focus of our review should be limited to the manifest injustice issue and should disregard that portion of the State's brief that refers to the victim's debilitating and chronic injuries. In support of his argument, he attaches to his reply brief a statement he says is from the victim which claims her letter to the trial court before sentencing was coerced and not indicative of her true feelings. We conclude that Dixon

has not demonstrated manifest injustice irrespective of the victim's injuries. Moreover, attachments that are not part of the record below are not properly before us for purposes of this appeal and are ignored. *See State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶ 14} For the reasons set forth above, we hold that the trial court did not err in denying Dixon's post-sentence motion to withdraw his guilty plea on the basis of his attorney's alleged failure to advise him about merger of the original charges.[2] Although

---

[2] In light of this determination, we need not resolve two additional issues implicated by Dixon's argument. The first concerns whether the trial court even would have had authority to allow him to withdraw his guilty plea. The Ohio Supreme Court has determined that "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw [a] guilty plea subsequent to an appeal and an affirmance by the appellate court." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). On a number of occasions, this court has cited *Special Prosecutors* and found that a trial court lacked jurisdiction to entertain a plea-withdrawal motion after a defendant's conviction had been affirmed on appeal. *See, e.g.*, *State v. Ramey*, 2d Dist. Clark No. 2017-CA-99, 2019-Ohio-398, ¶ 13-15 (citing cases). However, in *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37, the Ohio Supreme Court stated that its decision in *Special Prosecutors* "does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure." *Davis,* however, involved a post-trial, post-appeal motion for a new trial under Crim.R. 33 and not a Crim. R. 32.1 motion. *Davis's* impact on a trial court's jurisdiction over a post-sentence, post-appeal plea-withdrawal motion is subject to debate given that such a motion is not a "posttrial motion" (because there is no 'trial' on a plea) and *Special Prosecutors* suggests a trial court lacks jurisdiction over a post-appeal plea-withdrawal motion. In *Ramey*, this court recently "express[ed] no opinion as to whether a trial court retains jurisdiction to entertain a post-affirmance motion to withdraw a guilty plea when the defendant was unavoidably prevented from discovering the basis for such motion." *Ramey* at ¶ 14, fn. 5. We similarly need not resolve *Davis's* impact in Dixon's case, given our determination above that no "manifest injustice" has been shown. Finally, in light of our analysis above we also need not decide whether Dixon's original charges of aggravated vehicular assault and felony OVI actually would have been subject to merger as he alleges. In *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, the Ohio Supreme Court held that aggravated vehicular assault and misdemeanor OVI did not merge as allied offenses of similar import. Although Dixon contends the rationale of *Earley* does not apply to aggravated vehicular assault and felony OVI, our analysis above renders that issue moot.

the trial court technically erred in citing the doctrine of res judicata, we are not authorized to reverse a correct judgment merely because erroneous reasons were given as a basis for it. *State v. Ramey*, 2d Dist. Clark No. 2017-CA-99, 2019-Ohio-398, ¶ 16.

{¶ 15} Dixon next argues that a manifest injustice exists because his guilty plea to felonious assault and felony OVI resulted in a lifetime driver's license suspension, whereas a guilty plea to the original charges would have resulted in at most a ten-year suspension. Finally, he alleges a manifest injustice based on his attorney's purportedly promising him an aggregate three-year prison term if he pled guilty to felonious assault and felony OVI. As the State correctly notes, however, Dixon did not raise either of these arguments in his Crim.R. 32.1 motion. His only argument was that a manifest injustice existed based on his attorney's failure to tell him that the original charges of aggravated vehicular assault and felony OVI would have merged as allied offenses.

{¶ 16} Because Dixon's plea-withdrawal motion did not allege a manifest injustice based on the length of his driver's license suspension or an alleged promise of a three-year prison sentence, the trial court did not err in failing to find a manifest injustice based on either of those issues.

{¶ 17} Dixon's assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Andrew P. Pickering

John A. Fischer
Hon. Richard J. O'Neill